**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **SAMUEL OLEKANMA,** | * |
| Plaintiff, | * |
| v. | *  Case No.: PWG-17-707 |
| **LINUS NGIDE,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Samuel Olekanma, who is proceeding without counsel, filed suit in the Circuit court for Prince George's County, Maryland against Defendants Linus Ngide and Adeley Ngide, alleging state statutory violations, breach of warranty of habitability, breach of the covenant of quiet enjoyment, nuisance, and negligence with regard to an apartment that he rented from them. Compl., ECF No. 2.  He filed a Motion for Habitability and Negligence, ECF No. 3, and a Motion to Transfer Case to the Criminal Division, ECF No. 4.  He then removed the case to this Court. ECF No. 13.

The statutes providing for removal of state actions to federal court only allow "the defendant," not the plaintiff, to remove the action. *See* 28 U.S.C. § 1446(a) (providing that "[a] *defendant* or *defendants* desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon *such defendant* or *defendants* in such action" (emphasis added)); *see also* 28 U.S.C. § 1443 (providing that "*the defendant*" may remove certain "civil actions or criminal prosecutions, commenced in a State court" that implicate the

defendant's civil rights (emphasis added)).  Thus, Plaintiff's removal to this Court was improper. *See* 28 U.S.C. §§ 1443, 1446(a).

Further, even if properly removed, this case would be subject to dismissal for lack of subject matter jurisdiction. Federal "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as jurisdiction over claims involving completely diverse litigants and an amount in controversy exceeding $75,000, 28 U.S.C. § 1332(a)(1).  Plaintiff asserts federal question jurisdiction, but states that 28 U.S.C. § 1331 is the statute at issue in this case.  Notice of Removal 4, ECF No. 1.  This statute governs the Court's jurisdiction; it does not provide a cause of action.  Moreover, in his Complaint, Plaintiff identifies only causes of action under state law, *see* Compl., such that this Court does not have federal question jurisdiction.  *See* 28 U.S.C. § 1331.  And, Plaintiff and both Defendants are Maryland resident, *see* Notice of Removal 2, such that this Court does not have diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).

"[I]t is well established that this Court may remand a case for lack of subject matter jurisdiction *sua sponte*." *Ford v. Shields*, No. RDB-17-204, 2017 WL 1104667, at *1 (D. Md. Mar. 23, 2017); *see also Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998)) ("The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction.").  Therefore, I will remand Plaintiff's Complaint to the Circuit Court for Prince George's County, Maryland.

Accordingly, it is, this 28th day of March, 2017, hereby ORDERED that

1. Olekanma's Complaint IS REMANDED to the Circuit Court for Prince George's County, Maryland;

2. The Clerk SHALL MAIL a copy of the Memorandum and Order to Olekanma; and

3. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

lyb